

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-92,554-01

### EX PARTE DYLAN WADE O'BRIANT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15-07-11740-1-CR IN THE 454TH JUDICIAL DISTRICT COURT FROM MEDINA COUNTY

*Per curiam*.

## O R D E R

Applicant was convicted of sexual assault of a child and indecency with a child by contact and sentenced to consecutive terms of 18 and 8 years' imprisonment. The Fourth Court of Appeals dismissed the appeal. *O'Briant v. State,* No. 04-20-00381-CR (Tex. App. — San Antonio, Sept. 30, 2020). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

On March 16, 2021,[1] the trial court entered an order designating issues. The district clerk properly forwarded this application to this Court under Texas Rule of Appellate Procedure

---

[1] The order is dated April 16, but we received the record containing this order on April 13. The district clerk's file stamp on the order is March 16, 2021.

73.4(b)(5). However, the application was forwarded before the trial court held an evidentiary hearing and made findings of fact and conclusions of law. We remand this application to the trial court to complete its evidentiary investigation and make findings of fact and conclusions of law.

We note that Judge Kindred, who is the habeas judge, was the District Attorney in this case. The record does not reflect that Judge Kindred participated in the 2017 or 2020 proceedings, but it appears that he signed the 2018 motions to adjudicate guilt. *See Gamez v. State,* 737 S.W.2d 315, 318 (Tex. Crim. App. 1987).

The trial court shall make findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* Tex. R. App. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed: June 23, 2021
Do not publish